[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 05-14886
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 4, 2006
THOMAS K. KAHN
CLERK

BIA No. A79-419-660

HUI MING LI,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____


(**May 4, 2006**)


Before ANDERSON, BIRCH and BLACK, Circuit Judges.

PER CURIAM:

Hui Ming Li, a native and citizen of China, petitions this Court for review of the Board of Immigration Appeals' (BIA's) adoption and affirmation of the Immigration Judge's (IJ's) order of removal and denial of asylum and withholding of removal under the Immigration and Nationality Act (INA) and relief under the Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment (CAT). Li asserts he is eligible for asylum and withholding of removal under the INA because he has presented credible testimony about his fear of being sterilized if returned to China. Li also asserts the IJ erred in finding him ineligible for CAT relief because he would be tortured if returned to China by being forced to undergo sterilization. We deny Li's petition.

## I. DISCUSSION

A. *Standard of Review*

"We review only the [BIA's] decision, except to the extent that it expressly adopts the IJ's opinion." *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001). "Insofar as the [BIA] adopts the IJ's reasoning, we will review the IJ's decision as well." *Id.* Here, because the BIA expressly adopted the IJ's decision, we review the IJ's decision and the BIA's. *See id.* To the extent the decisions were based on a legal determination, review is de novo. *Mohammed v. Ashcroft*, 261 F.3d 1244, 1247-48 (11th Cir. 2001). Factual determinations, however, are reviewed under the "highly deferential substantial evidence test," which requires us

2

to "view the record in the light most favorable to the [IJ]'s decision and draw all reasonable inferences in favor of that decision." *Adefemi v. Ashcroft*, 386 F.3d 1022, 1026-27 (11th Cir. 2004) (*en banc*), *cert. denied*, 125 S. Ct. 2245 (2005). We "must affirm the [IJ's] decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Al Najjar*, 257 F.3d at 1284 (quotations and citation omitted).

B. *Asylum and Withholding of Removal*

An alien who arrives in, or is present in, the United States may apply for asylum. 8 U.S.C. § 1158(a)(1). The Secretary of Homeland Security and the Attorney General both have the discretion to grant asylum if the alien meets the INA's definition of a "refugee." 8 U.S.C. § 1158(b)(1)(A) (as amended by the REAL ID Act of 2005, Pub. L. 109-13, 119 Stat. 231, 302). A "refugee" is defined as:

> any person who is outside any country of such person's nationality . . . who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.

8 U.S.C. § 1101(a)(42)(A). Under the coercive population provision of the INA, an applicant may establish "past persecution" on account of political opinion if the applicant (1) has been forced to undergo involuntary sterilization, (2) has been

3

persecuted for failure or refusal to undergo forced sterilization, or (3) has been persecuted for "other resistance" to a coercive population control program. 8 U.S.C. § 1101(a)(42)(B).

The asylum applicant carries the burden of proving statutory "refugee" status. 8 C.F.R. § 208.13(a). To establish asylum eligibility, the alien must, with specific and credible evidence, establish (1) past persecution on account of a statutorily listed factor, or (2) a "well-founded fear" that the statutorily listed factor will cause future persecution. 8 C.F.R. § 208.13(b)(1), (2). To show he has a well-founded fear of future persecution, an alien must demonstrate (1) he fears persecution based a protected ground, (2) there is a reasonable possibility he will suffer persecution if removed to his native country, and (3) he is unable or unwilling to return to that country because of such fear. 8 C.F.R. § 208.13(b)(2).

An IJ may grant withholding of removal if the IJ decides that if returned to his country the alien's life or freedom would be threatened on account of race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C. § 1231(b)(3). Because this standard is more stringent than the "well-founded fear" standard for asylum, if an applicant is unable to meet the "well-founded fear" standard for asylum, he is generally precluded from qualifying for either asylum or withholding of removal. *Al Najjar*, 257 F.3d at 1292-93.

4

Here, substantial evidence supports the IJ's determination that Li failed to establish past persecution or a well-founded fear of future persecution based on his political opinion. As the IJ pointed out generally, Li's testimony is not supported by the U.S. State Department's 1998 Profile of Asylum Claims and Country Conditions for China, included in the record. Furthermore, as the IJ and the BIA explained, Li has not established that any persecution he may have suffered in China was on account of his political opinion and not because of an inter-family dispute or vendetta. Finally, with respect to Li's claim he has a well-founded fear of future persecution, as the IJ noted, Li has not demonstrated he would be harmed or sterilized if he returned to China. Therefore, we deny Li's petition as to asylum and withholding of removal.[1]

C. *CAT Relief*

In order to obtain relief under the CAT, the burden is on the applicant to establish it is "more likely than not" he will be tortured in the country of removal. 8 C.F.R. § 208.16(c)(2). "To demonstrate eligibility for CAT protection, an applicant must show that it is more likely than not that [he] will be tortured in [his]

---

[1] Although Li asserts the IJ erred in making an adverse credibility finding against him, we do not need to address this argument because the Government acknowledges the BIA essentially conceded the credibility issue to Li. Furthermore, even if we assume the IJ erred in adversely assessing Li's credibility, Li's claim for relief nonetheless fails because he did not meet his burden of proof regarding his eligibility for asylum or withholding of removal, as discussed.

home country at the hands of [his] government or that [his] government will acquiesce in the torture." *Sanchez v. U.S. Attorney General*, 392 F.3d 434, 438 (2004). CAT relief carries a higher legal standard than asylum, and thus is very difficult to meet. *Al Najjar*, 257 F.3d at 1303.

Li has not shown it is more likely than not he would be tortured by officials working with the consent or acquiescence of the Chinese government. Li stated family planning officials pursued him during the months immediately following his wedding, but he has not demonstrated the government would torture him upon his return to China, or that officials would continue to pursue him in any way. Accordingly, Li did not demonstrate his eligibility for relief under the CAT, and we deny the petition as to this issue.

## II. CONCLUSION

Substantial evidence supports the denial of asylum, withholding of removal, and relief under the CAT.

**PETITION DENIED.**